Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff brings this suit to recover the sum of $223.02, being the amount which was deducted by the Post Office Department in making settlement with the plaintiff for the transportation of mails over the plaintiff’s line of railroad during the period from July 1,1911, to February 1, 1912, the Post Office Department having refused the plaintiff compensation for wooden full railway post-office cars on the ground that said cars were operated either between the engine and a steel underframe car or between a steel and a steel underframe ear. There is no dispute about the facts. The cars in question were constructed strictly in accordance with the departmental specifications for such cars. These cars were operated between the engine and a steel underframe car or between a steel and a steel underframe car. The case turns upon the construction of the act of Congress of March 4, 1911, 36 Stat., 1335, which, in so far as it concerns this case, reads as follows:
“For railway post-office car service, $5,010,000: Provided, That no part of this amount shall be paid for the use of any car which is not sound in material and construction, and which is not equipped with sanitary drinking water containers and toilet facilities, nor unless such car is regularly and
*16 thoroughly cleaned: Provided further, That after the first of July, nineteen hundred and eleven, no pay shall be allowed for the use of any wooden full railway post-office car unless constructed substantially in accordance with the most approved plans and specifications of the Post Office Department for such type of cars, nor for any wooden full railway post-office car run in any train between adjoining steel cars or between the engine and a steel car adjoining, and hereafter additional cars accepted for this service shall be of steel, or with steel under frame, if used in a train in which a majority of the cars are of like construction: Provided further, That after the first day of July, nineteen hundred and sixteen, the Postmaster General shall not approve or allow to be used or pay for any full railway post-office car not constructed of steel or with steel underframe if such post-office car is used in a train in which a majority of the cars are of steel or of steel underframe construction.”
The Post Office Department in construing the following words in the above-quoted provision, “no pay shall be allowed * * * for any wooden full railway post-office car run in any train between adjoining steel cars, or between the engine and a steel car adjoining,” held that the words “steel cars” included cars with steel underframe; that no pay could be allowed for any wooden full railway post-office car run in any train between adjoining cars with steel underframe, or for any wooden full railway post-office car run in any train between the engine and a car with steel underframe. Is this a proper construction of the statute? Are steel cars and cars with steel underframe the same? Did Congress intend that the above provision should apply to cars with steel underframes as well as to steel cars ?
The defendants say that this was the intention of Congress, and that steel cars included steel-underframe cars.
It is said that this intent may be gathered from a consideration of the evil which was sought to be remedied by Congress, from the debates in Congress when the legislation was under consideration, and from the construction of the act by the Post Office Department.
Where the language of a statute is not clear and is of doubtful construction the court may consider the evil intended to be remedied, but when the language of the statute is clear it is not for the court to say that it shall be so con *17 strued as to embrace cases which might or might not have been intended by the legislation. For “ when the language of the act is explicit there is great danger in departing from the words used to give an effect to the law which may be supposed to have been designed by the legislature.” Denn v. Reid, 10 Pet., 527. If the words of a statute “ convey a definite meaning which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning apparent on the face of the instrument must be accepted.” Lake County v. Rollins, 130 U. S., 662, 670, and cases there cited.
In this case the statute under consideration conveys a definite meaning. There is no ambiguity about the words used. On the face of the act it appears that “ no pay shall be allowed for any wooden full railway post-office car run in any train between adjoining steel cars, or between the engine and a steel car adjoining.” The words “ cars with steel underframes” are not mentioned in this connection and can not be read into this provision without great danger of giving an effect to the law which Congress never intended. This view is strengthened and confirmed by the fact that this proviso of the law contains a few lines below the above quoted provision the following:
“Provided further, That after the first day of July, nineteen hundred and sixteen, the Postmaster General shall not approve or allow to be used or pay for any full railway post-office car not constructed of steel, or with steel widerframe, if such post-office car is used in a train in which a majority of the cars are steel or of steel underframe construction.” (Italics ours.)
It will be thus seen that Congress had in mind both steel cars and cars with steel underframe; and while providing against the use of wooden cars in trains made up of steel and steel underframe cars after July 1, 1916, yet did not see fit to include the steel underframe cars in the provision providing for pay.
It is also urged that the debates in Congress and before the committees show that the words “ steel cars ” include cars with steel underframe. Counsel refer in considerable detail to the history of this proviso in its passage through Con *18 gress. Looking at the debates while this provision was under consideration we find nowhere any reference to steel underframe cars. Nor can we infer from anything there said that Congress intended to include cars with steel underframe in the same class as steel cars. Besides, the purposes for which debates in Congress may be consulted are limited. Caminetti Case, 242 U. S., 496. We are left to determine the meaning of this provision in the statute from the language used therein, and arrive at the conclusion that the Postmaster General was not authorized by this provision to refuse compensation to the plaintiff because the plaintiff had run wooden cars in its train between the engine and steel underframe cars and adjoining steel underframe cars.
As to the construction placed upon the provision by the department it is only necessary to observe that we do not consider the true construction doubtful. That being so, the construction placed upon it by the department can not be taken into consideration. United States v. Healey, 160 U. S., 136, 141.
It follows from the foregoing that judgment will be rendered in favor of the plaintiff for the sum of $223.02, and it is so ordered.
Downey, Judge; Barney, Judge; Booth, Judge; and Campbell, Chief Justice, concur.